Nos. 23-4106 // 23-4107

---

# UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

---

GARFIELD COUNTY, UTAH, *et al.*,
*Plaintiffs-Appellants*,

and

ZEBEDIAH GEORGE DALTON, *et al.*,
*Consolidated Plaintiffs*,

v.

JOSEPH R. BIDEN, JR., *et al.*,
*Defendants-Appellees*,

and

HOPI TRIBE, *et al.*,
*Defendant Intervenors-Appellees*,

---

ZEBEDIAH GEORGE DALTON, *et al.*,
*Consolidated Plaintiffs-Appellants*,

and

GARFIELD COUNTY, UTAH, *et al.*,
*Plaintiffs*,

v.

JOSEPH R. BIDEN, JR., *et al.*,
*Defendants-Appellees*,

and

HOPI TRIBE, *et al.*,
*Defendant Intervenors-Appellees.*

———————————

Appeals from the United States District Court
for the District of Utah
No. 4:22-cv-00059-DN (Hon. David Nuffer)

———————————

# FEDERAL DEFENDANTS' CONSOLIDATED RESPONSE
# TO MOTIONS TO INTERVENE IN THE APPEALS

———————————

TODD KIM
*Assistant Attorney General*

JOHN E. BIES
*Attorney*
Environment & Nat. Resources Div.
U.S. Department of Justice
Post Office Box 7415
Washington, DC 20044
(202) 514-3785
john.bies@usdoj.gov

# TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................iii

TABLE OF AUTHORITIES ....................................................... iv

INTRODUCTION ...................................................................... 1

REASONS TO DENY INTERVENTION AS OF RIGHT ........................ 4

I.    Putative Intervenors Are Adequately Represented by
      the Existing Parties to the Appeal, Which Include
      Earlier Intervenors........................................................... 4

II.   The Putative Intervenors Advance New Arguments on
      Appeal About Adequate Representation, which Also Do
      Not Suffice. ...................................................................... 10

CONCLUSION ......................................................................... 12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF DIGITAL SUBMISSION

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*Bumgarner v. Ute Indian Tribe of Uintah & Ouray Rsrv.*,
  417 F.2d 1305 (10th Cir. 1969) ....................................................... 8

*Coalition of Arizona/New Mexico Counties for Stable Econ.*
  *Growth v. Dep't of Interior*,
  100 F.3d 837 (10th Cir. 1996) ........................................................... 7

*Elliott Industries Ltd. Partnership v. BP America Production Co.*,
  407 F.3d 1091 (10th Cir. 2005) .................................................... 4, 5

*Morgan v. McDonough*,
  726 F.2d 11 (1st Cir. 1984) ............................................................... 5

*N.L.R.B. v. Shurtenda Steaks, Inc.*,
  424 F.2d 192 (10th Cir. 1970) ..................................................... 2, 3

*Thompson v. Coulter*,
  680 Fed.Appx. 707 (10th Cir. 2017) ................................................. 2

*United States v. Dubrule*,
  822 F.3d 866 (6th Cir. 2016) ........................................................... 2

## Statutes and Court Rules

Fed. R. Civ. P. 24(a) ..................................................... 4, 5, 6, 11

Fed. R. Civ. P. 24(b) ........................................................................ 4

## Other Authorities

7C C. Wright, A. Miller & M. Kane, Federal Practice and
  Procedure § 1922 (3d ed.) ................................................................ 4

Benjamin Kaplan, *Continuing Work of the Civil Committee:*
  *1966 Amendments of the Federal Rules of Civil*
  *Procedure,* 81 Harv. L. Rev. 356, 403 (1967) .................................. 5

Twelve organizations, arrayed in three groups, have moved to intervene as defendant-appellees in these two appeals. The Proposed UDB Intervenors[1] moved to intervene in support of Appellees on September 15, 2023; the Proposed GSEP Intervenors[2] moved to intervene in support of Appellees on September 18, 2023; and the Proposed Archeological Intervenors[3] moved to intervene in support of Appellees on September 26, 2023. The following provides the Federal Defendants' consolidated response to these pending motions to intervene in these appeals.[4]

---

[1] The Proposed UDB Intervenors are Utah Diné Bikéyah, Friends of Cedar Mesa d/b/a Greater Bears Ears Partnership, Archaeology Southwest, Patagonia Works, The Access Fund, and the National Trust for Historic Preservation in the United States.

[2] The Proposed GSEP Intervenors are Grand Staircase Escalante Partners, the Society of Vertebrate Paleontology, and Conservation Lands Foundation.

[3] The Proposed Archeological Intervenors are American Anthropological Association, the Society for American Archaeology, and the Archaeological Institute of America.

[4] "Federal Defendants" refers collectively to Joseph R. Biden, Jr., in his official capacity as President of the United States; Deb Haaland, in her official capacity as Secretary of the Interior; the U.S. Department of the Interior ("Interior"); Tracy Stone-Manning, in her official capacity as Director of the Bureau of Land Management; the Bureau of Land Management ("BLM"); Thomas J. Vilsack, in his official capacity as Secretary of Agriculture; the U.S. Department of Agriculture ("USDA");

Each set of putative Intervenors previously sought to intervene in the district court. (*See* ECF 31; ECF 33; ECF 34.) These motions were denied.[5] (*See* ECF 122; ECF 181.) The putative Intervenors have not noticed any appeal of those denials. While there does not appear to be Tenth Circuit precedent analyzing whether putative Intervenors should appeal rather than file a direct motion to intervene in this Court, appeal generally is the appropriate course. In an appeal, this Court would review the denial of the prior motions in the district court. But at present, the Court has before it only the motions to intervene filed on appeal, after the district court entered final judgment of dismissal. *Cf. N.L.R.B. v. Shurtenda Steaks, Inc.*, 424 F.2d 192, 194 (10th Cir. 1970)

---

Randy Moore, in his official capacity as Chief of the Forest Service; and the U.S. Forest Service ("USFS").

[5] The putative Intervenors timely objected to the magistrate judge's order denying them intervention. (*See* ECF 145; ECF 146; ECF 148.) The district court stayed its consideration of those objections, (ECF 176), which remained pending when the district court entered final judgment dismissing Plaintiffs' causes of action with prejudice, (ECF 181). Although the district court did not directly resolve the objections, "[b]y entering final judgment, [] the court implicitly denied the pending motions." *Thompson v. Coulter*, 680 Fed.Appx. 707, 712 (10th Cir. 2017); *see generally United States v. Dubrule*, 822 F.3d 866, 884–85 (6th Cir. 2016) (surveying circuits agreeing that "entry of final judgment constitutes an implicit denial of pending motions").

("[A]bsent extraordinary and unusual circumstances, intervention, by a party who did not participate in the litigation giving rise to the judgment …, should not be permitted.").

Fourteen Defendant-Intervenors are already participating as parties in this appeal. The magistrate judge granted an unopposed motion to intervene as defendants by four Tribes (the Tribal Nation Intervenors).[6] (*See* ECF 52.) And the magistrate judge later entered an order granting an opposed motion by ten organizations focused on conservation, the environment, and public lands (the SUWA Intervenors)[7] to intervene as defendants.[8] (*See* ECF 122.)

Federal Defendants have no objection to the participation of the putative Intervenors in this appeal as *amici*. Federal Defendants also take no position on the putative Intervenors' motions insofar as the

---

[6] The Tribal Nation Intervenors are the Hopi Tribe, Navajo Nation, Pueblo of Zuni, and Ute Mountain Ute Tribe.

[7] The SUWA Intervenors are the Southern Utah Wilderness Alliance, National Parks Conservation Association, Wilderness Society, Grand Canyon Trust, Great Old Broads for Wilderness, Western Watersheds Project, WildEarth Guardians, Sierra Club, Center for Biological Diversity, and Natural Resources Defense Council

[8] Plaintiffs filed timely objections to this order, (ECF 147), which were likewise implicitly denied by the entry of final judgment.

movants seek permissive intervention under the framework of Federal
Rule of Civil Procedure 24(b), if the Court in its discretion concludes
permissive intervention on appeal is appropriate in these circumstances
and imposes appropriate limitations.[9]

But Federal Defendants oppose intervention as of right on appeal
by the putative Intervenors because—as borne out by the district court
proceedings that now have concluded—their interests in the disposition
of this case are adequately represented by existing parties, including
not only the Federal Defendants but also the Tribal Nation Intervenors
and the SUWA Intervenors.

## REASONS TO DENY INTERVENTION AS OF RIGHT

I.    **Putative Intervenors Are Adequately Represented by the Existing
      Parties to the Appeal, Which Include Earlier Intervenors.**

A party seeking to intervene as of right on appeal "must satisfy
the prerequisites of Rule 24(a)." *Elliott Industries Ltd. Partnership v.
BP America Production Co.*, 407 F.3d 1091, 1102 (10th Cir. 2005)
(citations omitted). "Under Rule 24(a), an applicant may intervene as a

---

[9] For example, the Court should require aligned intervenors to file
coordinated, non-duplicative briefs. *See generally* 7C C. Wright, A.
Miller & M. Kane, Federal Practice and Procedure § 1922 (3d ed.)
(addressing the imposition of conditions on permissive intervenors).

matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Id.* at 1103 (citations omitted).

The putative Intervenors thus must establish that their interests in the disposition of the matter being litigated are not already represented by existing parties. The adequate representation requirement of Rule 24(a) "serves to prevent 'a cluttering of lawsuits with multitudinous useless intervenors.'" *Morgan v. McDonough*, 726 F.2d 11, 13–14 (1st Cir. 1984) (quoting Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure,* 81 Harv. L. Rev. 356, 403 (1967)).

The putative Intervenors have not demonstrated that their interests are not already adequately represented here. Consistent with the adequate representation requirement's purpose—to prevent cluttering the litigation with many redundant intervenors—movants for intervention must establish that their interests are not adequately represented by the original parties *or by any earlier intervenors*. The

magistrate judge thus reasonably evaluated intervention motions in the district court in the order in which they were filed, rather than simultaneously.

The Proposed UDB Intervenors argue, consistent with their objections to the magistrate judge's order, that Rule 24(a) permits only a consideration of whether existing parties *at the time the initial motion was filed* would adequately represent the movants' interests. (Mot. at 20.)

But that argument does not help them here because the current Defendant-Intervenors were undoubtedly existing parties at the time that the Proposed UDB Intervenors filed their motion in this Court. That is the only operative motion currently before the Court, as the Proposed UDB Intervenors have not appealed from the district court's implicit denial of their prior motion.

In any event, Proposed UDB Intervenors' argument is incorrect. The purpose of the adequate representation requirement is to avoid participation by a multitude of parties with redundant interests. The Court thus should evaluate whether existing parties *at the time the Court considers a motion to intervene* adequately represent the

6

interests of the putative Intervenors. Once an intervenor has been granted intervention as of right, it "becomes no less a party" than the existing parties. *Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996). Any interests of those parties already granted intervention will, necessarily, be represented.

Taking all existing parties into account, each of the twelve putative Intervenors is adequately represented here. There are already nine Federal Defendants and *fourteen* Defendant-Intervenors taking part as appellees defending the district court's decision. As shown by the successful defense mounted in the district court, Federal Defendants have a strong interest in defending the challenged federal actions—a single objective shared by all the putative Intervenors.

Some putative Intervenors argue that they are not adequately represented by the Federal Defendants because movants would not "endorse" all of the legal arguments that Federal Defendants advanced in the district court. (*See* Proposed UDB Intervenors' Mot. at 20; Proposed GSEP Intervenors' Mot. at 17.) Putting aside that this argument does not apply to the Defendant-Intervenors already in the

7

case (and who adequately represent the putative Intervenors), a putative intervenor's interest in dismissal of a suit cannot be said to be inadequately represented because an existing, aligned party makes *too many* arguments in support of dismissal. Regardless, differences in litigation strategy in pursuit of the same objective (here, upholding the challenged federal action) do not establish inadequate representation. *See Bumgarner v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 417 F.2d 1305, 1308 (10th Cir. 1969) (holding that the fact that the proposed intervenors "would have handled the defense of the case differently" is "not sufficient to challenge the adequacy of representation").

Even assuming that the putative Intervenors are not adequately represented by the Federal Defendants, there are also four Tribes and ten organizations already serving as Defendant-Intervenors in these appeals. These entities intervened to advance interests like those asserted by the putative Intervenors. The four Tribes assert several interests in Bears Ears National Monument and its unparalleled geographical, environmental, and cultural uniqueness, and claim to be representing interests not already adequately represented by the Federal Defendants. Likewise, the environmental, conservation, and

8

public lands groups that have already intervened are representing additional interests assertedly not adequately represented by the Federal Defendants or the Tribes.

The SUWA Intervenors in particular assert interests quite similar to those advanced by the putative Intervenors. For instance, the Southern Utah Wilderness Alliance described its interests in the litigation as "the preservation and protection of cultural, archaeological and paleontological resources" and preventing "development activity such as hard rock mining and oil, gas, and coal leasing." (ECF 27-2 (Decl. of R. Bloxham, ¶¶ 6, 21).)

All the Defendant-Intervenors are existing parties in this appeal (and were existing parties at the time of the magistrate judge's consideration of the putative Intervenors' district court motions). Consequently, the Court should assess whether the putative Intervenors' interests are adequately represented in these appeals in light of the broad array of interests already represented by the Federal Defendants and existing Defendant-Intervenors. The putative Intervenors have failed to demonstrate that they are not adequately represented. Thus, they are not entitled to intervene as of right.

II.    **The Putative Intervenors Advance New Arguments on Appeal About Adequate Representation, which Also Do Not Suffice.**

The putative Intervenors argue in their motions to intervene in these appeals that their interests are not adequately represented by the existing Defendant-Intervenors. The putative Intervenors do not raise new facts that postdate their district court motions (or the judgment of the district court), but they do advance new arguments. These arguments regarding how the putative Intervenors differ in interests from the existing Defendant-Intervenors were not advanced in their motions to intervene in the district court, although some of these arguments were first raised in objections to the magistrate judge's order. Federal Defendants take no position on whether it is appropriate to consider new arguments in these circumstances for the first time on appeal.

But even if the Court were to consider these new arguments, they do not suffice. All the Defendants and Defendant-Intervenors seek the same objective here as the putative Intervenors, a defense of the challenged federal actions. And the putative Intervenors' motions generally acknowledge alignment of interests with these existing parties. (*See* GSEP Mot. at 19 (acknowledging "general alignment on

conservation-related issues" with SUWA); Archaeological Intervenors Mot. at 18–19 (noting that "SUWA Intervenors and Movants are aligned in protecting the Monuments and conserving their resources").)

The putative Intervenors may have somewhat different focuses than the existing Defendant-Intervenors, and may well "possess unique, detailed, helpful factual knowledge in their separate fields," (ECF 176 (Order at 4)), that the Court may find helpful in addressing the issues on appeal. But the putative Intervenors offer no reason why that information cannot be fully presented in the role of *amici* or permissive intervenors. The question presented by the putative Intervenors' motions is whether the Federal Defendants and fourteen separate Defendant-Intervenors will not adequately represent their ultimate interests, such that the putative Intervenors have a *right* to participate *as a party* in these appeals. The putative Intervenors have not made that showing, and intervention as of right on appeal under the framework of Rule 24(a) should thus be denied.

## CONCLUSION

For the foregoing reasons, Federal Defendants respectfully oppose

intervention as of right on appeal.

Respectfully submitted,

*/s/ John E. Bies*
TODD KIM
*Assistant Attorney General*

JOHN E. BIES
*Attorney*
Environment & Nat. Resources Div.
U.S. Department of Justice
Post Office Box 7415
Washington, DC 20044
(202) 514-3785
john.bies@usdoj.gov

October 5, 2023
90-1-0-16648/90-1-0-16652

12

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Century, a proportionally spaced font.

I further certify that this response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 2140 words, excluding the parts of the motion exempted under Rule 32(f), according to the count of Microsoft Word.

*/s/ John E. Bies*
JOHN E. BIES
Counsel for Federal Defendants

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir.

R. 25.5;

(2) if required to file additional hard copies, that the ECF

submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the

most recent version of a commercial virus scanning program, Windows

Defender (version no. 1.399.79.0), and according to the program are free

of viruses.

*/s/ John E. Bies*
JOHN E. BIES
Counsel for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ John E. Bies*
JOHN E. BIES
Counsel for Federal Defendants